_____

SO ORDERED,

*Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: February 24, 2017**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   MARION CLAY & GRAVEL, LLC | CASE NO. 15-50724-KMS |
| DEBTOR | CHAPTER 11 |

## ORDER SUSTAINING OBJECTION TO CLAIM
## AND DENYING MOTION TO ALLOW CLAIM

Before the Court is the Objection to Abrams Group Construction Company's Proof of Claim Number 8-1 (Dkt No. 246) filed by Creditor Jessie L. Conerly and the Motion to Allow Claim 8 (Dkt. No. 274) filed by Creditor Abrams Group Construction Company. The Court held a hearing on the motion on June 21, 2016, and held it in abeyance pending the outcome of mediation. Dkt. No. 343. The parties participated in a two-day mediation over July 27-28, 2016, but the parties were unable to reach a settlement regarding the motion. *See* Dkt. No. 348. The Court held a two-day hearing on the objection on November 29, 2016, and January 5, 2017. Dkt Nos. 482, 500. Having considered the argument and evidence in this matter, the Court finds that the objection should be sustained and that the motion should be denied.

1

## I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).[1]

## II. Findings of Fact[2]

Marion Clay & Gravel, LLC ("Marion Clay & Gravel") is a sand, clay, and gravel mine located on 872 acres in Columbia, Mississippi. The managing member of Marion Clay & Gravel is Conerly & Myles Enterprises, LLC ("C&M Enterprises"). The sole members of C&M Enterprises are Jesse Conerly and William Myles. C&M Enterprises owns 57.5% of Marion Clay & Gravel. The remaining ownership interests are held by H Varnadoe Enterprises (27.5%), E S Services, LLC (10%) and Denis-Bates Enterprises, LLC (5%).

Marion Clay & Gravel began operations in 2009 and mined sand and gravel through 2012. Marion Clay & Gravel ceased mining operations in February of 2012. In late 2009, Creditor Harry Varnadoe Grading & Piping, Inc. provided Marion Clay & Gravel with heavy mining equipment but removed its equipment in August 2011 because it did not receive payment from Marion Clay & Gravel. Thereafter, Marion Clay & Gravel contracted with Abrams Group Construction Company ("Abrams Group") to operate the mine. The contract was entered into on October 14, 2011, and provided (1) Abrams Group would excavate 2,000 tons of gravel per day for a period of five years and (2) Marion Clay & Gravel would pay Abrams Group within ten days of the sale of any excavated sand or gravel. Dkt. No. 246 at 14-15. In March of 2012, Abrams Group removed

---

[1] Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

[2] Much of the background information in the first two paragraphs is taken from the Disclosure Statement filed by H Varnadoe Enterprises, LLC and E S Services, LLC. *See* Dkt. No. 180 at 7-9. Although this Disclosure Statement was subsequently amended (Dkt. No. 376) and ultimately withdrawn (Dkt. Nos. 425, 426), the Court finds the factual recitation to be helpful.

its equipment from the property because it had not received payment from Marion Clay & Gravel. On April 13, 2012, Abrams Group sued Marion Clay & Gravel in the Circuit Court of Marion County, Mississippi alleging breach of contract and fraud. Dkt. No. 377 at 1. Abrams Group also filed a construction lien against Marion Clay & Gravel. Dkt. No. 377 at 1. On February 21, 2013, Abrams Group entered into an agreement ("the release agreement") with Harry Varnadoe and Stan Hutson, who collectively own 37.5% of Marion Clay & Gravel through corporate entities, "to induce Abrams [Group] to dismiss the pending law suit and to cancel the construction lien to clear the way for the closing of an impending sale of the Marion [County] property for $11,000,000.00, out of which Abrams [Group] was to be paid." Dkt. No. 377 at 1. On August 26, 2013, that litigation was dismissed by a joint stipulation of dismissal without prejudice. Claim 8-2 at 17. Abrams Group also released its lien. Dkt. No. 377 at 2. Unfortunately, the sale of Marion Clay & Gravel's property did not close.

Marion Clay & Gravel filed for Chapter 11 bankruptcy relief on April 30, 2015. Dkt No. 1. On August 28, 2015, Abrams Group filed its proof of claim in the amount of $361,257.34. Claim 8-1. On May 18, 2016, Conerly objected to Abrams Group's claim. Dkt. No. 246. On June 6, 2016, Abrams Group filed its motion to allow claim for purposes of voting on a proposed plan of reorganization. Dkt. No. 274. On June 14, 2016, Conerly responded to Abrams Group's motion. Dkt. No. 302. On June 18, 2016, Abrams Group amended its proof of claim to include supporting documentation. Claim 8-2. On June 21, 2016, the Court sent the parties the Abrams Group's motion in addition to several disputes related to the formulation and proposal of a confirmable plan of reorganization to mediation. Dkt. No. 348. The mediation did not resolve Abram's Group's motion. On July 6, 2016, Abrams Group responded to Conerly's objection. Dkt. No. 377. On

3

November 21, 2016, Conerly filed a supplemental brief in support of his objection. Dkt. No. 475. On November 22, 2016, Abrams Group filed a brief in support of its proof of claim. Dkt. No. 477.

The Court heard argument and testimony on the objection to claim in a two-day hearing commenced on November 29, 2016, and continued on January 5, 2017. Dkt. Nos. 482, 500. At the hearing, Stanley Hutson, Frank Wilson Stuart, Michael Spellmeyer, Robert Woodward, Harry Franklin Varnadoe, William Stanley Abrams, II, Jessie Conerly, and Mark Denis testified. Hutson and Varnadoe, respectively, are principals of E S Services, LLC and H Varnadoe Enterprises, part owners of Marion Clay & Gravel. Dkt. No. 490 at 17, 122. Stuart purchased products from Marion Clay & Gravel. Dkt. No. 490 at 52. Spellmeyer and Woodward were employees of Abrams Group who worked at the Marion Clay & Gravel operation. Dkt. No. 490 at 55, 99. Abrams is the owner of the Abrams Group. Dkt. No. 490 at 151. Conerly is a member of C&M Enterprises, the managing partner of Marion Clay & Gravel. Denis is a member of Denis-Bates Enterprises, LLC, and was the on-site manager of Marion Clay & Gravel's day-to-day operations.

### III. Conclusions of Law

A. Objection to Claim

"A claim or interest, proof of which is filed . . ., is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a) (2005).

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . ., and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]

§ 502(b)(1). Abrams Group filed its proof of claim, and Conerly, a party in interest, objected. Having held the hearing, the Court must now determine whether Abrams Group's claim is barred by any agreement or applicable law.

4

Conerly argues that (1) Abrams Group's claim is barred by the statute of limitations; (2) the contract between Marion Clay & Gravel and Abrams Group does not provide for the requested payments; and (3) if the claim is allowed, then Marion Clay & Gravel is entitled to a set off from the contract damages it has suffered from Abrams Group's breach. Dkt. No. 246 at 5-9. "The validity of claims and defenses are [sic] to be determined under state law." *Robinson v. Hinkley (In re Hinkley)*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 875 F.2d 859 (5th Cir. 1989); *see also Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims. . . ."). The Court will apply Mississippi law because the contract stipulates that it is governed by Mississippi law and the work performed under the contract occurred in Mississippi. *See* Dkt. No. 246 at 16.

The statute of limitations is a threshold issue in this case. If the statute of limitations has run, there is no need to address any remaining issues related to Abrams Group's claim. "In a breach of contract claim, the cause of action accrues at the time of the breach." *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 726 (S.D. Miss. 2014) (citing *Young v. S. Farm Bureau Life Ins. Co.*, 592 So. 2d 103, 107 (Miss. 1991)). And the Mississippi Supreme Court "has held that a fraud claim accrues upon the consummation of the fraud." *Person v. Denbury Onshore, LLC*, 122 So. 3d 810, 815 (Miss. 2013). "Mississippi applies a three-year statute of limitations period to actions for breach of written contract." *Bolden v. Brooks*, 138 F. App'x 601, 604 (5th Cir. 2005) (per curiam) (citing Miss. Code Ann. § 15-1-49 (1990)); *accord Wallace v. Greenville Pub. Sch. Dist.*, 142 So. 3d 1104, 1106 (Miss. Ct. App. 2014) ("Causes of action for breach of contract are subject to the three-year statute of limitations set forth in Mississippi Code Annotated section 15–1–49. . . ."). And Mississippi applies the same three-year statute of limitations to actions based on fraud. *Person*, 122 So. 3d at 815-16. The latest the contract between Marion Clay & Gravel and Abrams

5

Group could have been breached or any fraud could have occurred was in March of 2012, when Abrams Group removed its equipment and ceased operations at Marion Clay & Gravel. And the latest Abrams Group knew or should have known of the existence of its breach of contract and fraud claims was April 13, 2012, when it filed its state court complaint. Marion Clay & Gravel filed for Chapter 11 bankruptcy relief on April 30, 2015, more than three years later.[3]

Abrams Group, however, had previously sued Marion Clay & Gravel related to this same claim. Generally, "unless process is not timely served, the statute of limitations is tolled upon the filing of the complaint, and does not begin to run again until litigation has ended." *Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.*, 124 So. 3d 643, 645 (Miss. 2013) (quoting *Hill v. Ramsey*, 3 So. 3d 120, 123 (Miss. 2009)). But the statute of limitations is not tolled "when a party chooses voluntarily to dismiss the action," *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 839 (Miss. 2010), or when a case is "dismissed for lack of prosecution" under Mississippi Rule of Civil Procedure 41, *Thornhill v. Ingram*, 178 So. 3d 721, 724 (Miss. 2015). Because Abrams Group stipulated to a joint dismissal without prejudice, the Court finds this to be a voluntary dismissal that did not toll the statute of limitations.

Instead of arguing tolling, Abrams Group argues instead that the doctrine of equitable estoppel prevents Conerly from asserting the statute of limitations as a defense based on the release agreement signed between itself and Varnadoe and Hutson. Dkt. No. 377 at 3.

> Equitable estoppel is generally defined as "the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed." *Simmons*

---

[3] The Bankruptcy Code provides for tolling of the statute of limitations on actions that may be brought against a debtor during the pendency of the bankruptcy case. *See* 11 U.S.C. § 108(c) (2005). Section 108 "provides that a prescription period extends to the later of: 1) the prescription period as established by applicable non-bankruptcy law; or 2) 30 days after notification of the termination of the automatic stay." *Biery v. Chiasson*, No. 99-30350, 2000 WL 34526089, at *3 (5th Cir. Apr. 10, 2000) (unpublished); *see also Hazen First State Bank v. Speight*, 888 F.2d 574, 577 (8th Cir. 1989) ("The purpose of section 108(c) is to prevent a debtor from taking advantage of the bankruptcy scheme by filing for bankruptcy and then waiting for the statute of limitations to run on the creditor's claim.").

> *Housing, Inc. v. Shelton*, 36 So. 3d 1283, 1287 (Miss. 2010) (quotation omitted). Because equitable estoppel is an extraordinary remedy, it is one that should be applied with caution. *Id.* "Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations". . . . *Trosclair v. Miss. Dep't of Transp.*, 757 So. 2d 178, 181 (Miss. 2000). For the doctrine of equitable estoppel to apply, the plaintiff must have relied on a misrepresentation by the defendant and not on a misrepresentation by some other individual or entity.

*Kimball Glassco Residential Ctr., Inc. v. Shanks*, 64 So. 3d 941, 947-48 (Miss. 2011). Marion Clay & Gravel is not a party to the release agreement asserted as the basis for equitable estoppel. Although Varnadoe and Hutson are part owners of Marion Clay & Gravel, this is insufficient to bind the company to the release agreement. "A contract cannot bind a nonparty." *Colyer v. First United Methodist Church of New Albany*, --- So. 3d ---, ---, 2016 WL 1203753, at *4 (Miss. Ct. App. Mar. 29, 2016) (citing *Equal Emp't Opportunity Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)). Further, the release agreement itself does not bind Marion Clay & Gravel to any action but rather binds Varnadoe and Hutson to "use [their] best efforts to have [Marion Clay & Gravel] pay the Abrams Payment to Abrams [Group]. . . ." Dkt. No. 377 at 5. Therefore, the release agreement between Abrams Group and Varnadoe and Hutson does not meet the requirement for application of the doctrine of equitable estoppel based on a misrepresentation by Marion Clay & Gravel as the inducing party, and the Court finds that Conerly is not estopped from asserting the statute of limitations as a defense.

Because the Court finds that the statute of limitations for any claim based upon either breach of contract or fraud expired before Marion Clay & Gravel filed bankruptcy and that Conerly, as a party in interest, is not estopped from asserting this defense, the Court will disallow the claim of Abrams Group. Because the Court finds the statute of limitations to be dispositive, the Court does not reach Conerly's remaining arguments on his objection to Abrams Group's claim.

B. Motion to Allow Claim

Abrams Group requested in its motion "that the Court temporarily allow its claim for purposes of voting on the plan. . . ." Dkt. No. 274 at 1. Because the Court has sustained the above objection and disallowed Abrams Group's claim, the motion is denied as moot.

**IT IS HEREBY ORDERED THAT** the Objection to Abrams Group Construction Company's Proof of Claim Number 8-1 (Dkt No. 246) is SUSTAINED and Claim 8-1 and Amended Claim 8-2 are DISALLOWED.

**FURTHER ORDERED THAT** the Motion to Allow Claim 8 (Dkt. No. 274) filed by Creditor Abrams Group Construction Company is DENIED AS MOOT.

*##END OF ORDER##*